UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jin Ackerman, | Case No. 2:24-cv-00807-MMD-DJA |
| Plaintiff, | |
| v. | **Order** |
| William Kuloloia, et al., | |
| Defendants. | |

Before the Court is pro se inmate Plaintiff Jin Ackerman's motion to amend his complaint. (ECF No. 26). Plaintiff filed his motion before the deadline to amend pleadings passed. (ECF No. 22). Plaintiff also attaches a proposed amended complaint. (ECF No. 26-1). Plaintiff explains that he seeks to add certain defendants, to remove defendants that the Court dismissed with prejudice upon screening, to add certain facts, to add a claim under Nevada law, and to remove a claim that the Court dismissed without prejudice upon screening. Defendants have not responded to Plaintiff's motion, constituting their consent to the Court granting it. *See* LR 7-2(d). Additionally, the Prison Litigation Reform Act does not obligate the Court to screen every proposed amended complaint. *See Joshua v. Oliver*, No. 2:23-cv-01087-MMD-MDC, 2024 WL 4891858, at \*2 (D. Nev. Nov. 25, 2024) (compiling cases).

Under Rule 15 of the Federal Rules of Civil Procedure, once a party has amended its pleadings as a matter of course, subsequent amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."

*Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC*, 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, considering the above standards, the Court grants Plaintiff's motion. There is no evidence of bad faith. Plaintiff has not unduly delayed because he moved to amend his complaint before the deadline. There is no evidence of prejudice to Defendants and Defendants have not opposed the motion. It is not clear that no set of facts can be proved under Plaintiff's amendment such that it is futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). And this is Plaintiff's first amendment.[1] The Court therefore grants Plaintiff's motion to amend his complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 26) is **granted.** The Clerk of Court is kindly directed to **detach** Plaintiff's amended complaint (ECF No. 26-1) and **file** it on the docket.

---

[1] Plaintiff moved to amend his complaint on two other occasions (ECF Nos. 9, 18), but in each instance superseded or withdrew his own motion. (ECF Nos. 18, 19) (acknowledging that Plaintiff's second attempt to amend his complaint superseded prior complaints, which the Court construed as superseding his original attempt to amend at ECF No. 9); (ECF No. 25) (Plaintiff's motion to voluntarily withdraw Plaintiff's second motion to amend his complaint filed at ECF No. 18).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to electronically serve a copy of this order and of Plaintiff's amended complaint (ECF No. 26-1) on the Office of the Attorney General ("OAG") of the State of Nevada. This does not indicate acceptance of service.

**IT IS FURTHER ORDERED** that on or before **October 15, 2025**, the OAG shall file a notice advising the Court and Plaintiff whether it accepts service for any newly named Defendant(s). If the OAG does not accept service for any newly named Defendant(s), the OAG must file that/those Defendant's(s') last known addresses under seal and indicate that it has filed the information under seal in its notice. If any Defendant's(s') last known address is a post office box, the OAG shall attempt to obtain and provide the last known physical address.

**IT IS FURTHER ORDERED** that if the OAG cannot accept service for any Defendant(s), Plaintiff shall file a motion requesting issuance of summons for that/those Defendant(s). If the OAG has not provided a last known address for any Defendant(s), Plaintiff shall provide the Defendant's(s') full name and address in his motion.

**IT IS FURTHER ORDERED** that, if the OAG accepts service of process for any Defendant(s), that/those Defendant(s) shall file and serve an answer or other response to the complaint on or before **November 24, 2025**.

**IT IS FURTHER ORDERED** that Plaintiff shall complete service on the Defendants on or before **December 23, 2025.** Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant(s), or if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or

1  electronic address stated therein.  The Court may disregard any document received by a district
2  judge or magistrate judge which has not been filed with the Clerk, and any document received by
3  a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper
4  service when required.

6  DATED: September 25, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE