**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Jin Ackerman, | Case No. 2:24-cv-00807-MMD-DJA |
| Plaintiff, | |
| v. | **Order** |
| William Kuloloia, et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 8). Plaintiff has filed a "motion to name and serve Defendants," (ECF No. 38) and a motion for leave to file a second amended complaint (ECF No. 39). Through both of his motions, Plaintiff seeks to name Defendants who he previously named as Doe Defendants and asks the Court to deem them served. Plaintiff has also moved for a status check, asking the Court its status on his pending motions. (ECF No. 47).

Because no party has responded to Plaintiff's motion to amend his complaint, the Court grants it, but does not screen Plaintiff's second amended complaint. The Court orders service of Plaintiff's second amended complaint and therefore denies his motion to "name and serve Defendants" as moot. Additionally, because the Court addresses Plaintiff's pending motions in this order, it denies his motion for status check as moot.

**I.      Plaintiff's motion to amend his complaint.**

Plaintiff moves to amend his complaint to name Defendants who he initially sued using only their titles. Plaintiff also seeks to amend his complaint to seek injunctive relief. Plaintiff also asserts that he seeks to add allegations related to Defendant Warden Jeremy Bean evaluating Plaintiff's grievances in July of 2025 and answering Plaintiff's closed grievances.

Plaintiff filed his motion to amend on December 4, 2025, long after the deadline to amend pleadings had passed on June 16, 2025, and after every deadline but the joint pretrial order

deadline had passed.  (ECF No. 22) (scheduling order); (ECF No. 29) (order granting stipulation to extend discovery deadlines).  Because it is untimely, the Court's analysis of Plaintiff's motion to amend begins with Federal Rule of Civil Procedure 16(b), rather than Federal Rule of Civil Procedure 15(a).  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed).  Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."  Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

In his motion to amend, Plaintiff explains that he did not discover the names of the newly-named Defendants until he received Warden Bean's responses to interrogatories.  Plaintiff does not explain when he received these interrogatory responses.  Plaintiff also asserts that he seeks to add additional allegations regarding Warden Bean responding to grievances in July of 2025.  But Plaintiff does not explain why he then waited until December of 2025 to file his motion to amend.

On the other hand, Plaintiff is pro se, and the Court must liberally construe his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Additionally, no party has responded to the motion to amend, constituting their consent to the Court granting it under Local Rule 7-2(d).  The Court liberally construes Plaintiff's motion to find that he was diligent and therefore that there is good cause to extend the amendment deadline.

The Court further grants Plaintif's motion to amend his complaint under Federal Rule of Civil Procedure 15.  "The court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The court considers five factors [under Rule 15] in assessing the

propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  The nonmovant bears the burden of showing why amendment should not be granted.  *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

Here, considering the liberal amendment standard and the fact that no party has opposed amendment, the Court grants Plaintiff's motion to amend.  The Court does not find bad faith or futility to be present here.  And while Plaintiff has delayed in amending his complaint, it is not clear to the Court that the delay was undue, especially considering the fact that Plaintiff is incarcerated.  No party has argued prejudice by way of Plaintiff's amendment.  And Plaintiff previously named the parties to be added by listing their titles, so Defendants could have anticipated a possible future amendment after discovery.  The Court therefore grants Plaintiff's motion to amend.  Although Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Prison Litigation Reform Act does not obligate the Court to screen every proposed amended complaint.  *See Joshua v. Oliver*, No. 2:23-cv-01087-MMD-MDC, 2024 WL 4891858, at *2 (D. Nev. Nov. 25, 2024) (compiling cases).  So, the Court does not screen Plaintiff's second amended complaint.

## II. Plaintiff's motion to serve Defendants and motion for status check.

Plaintiff moves the Court for its assistance with service on the newly-named Defendants. (ECF No. 38).  The Court orders service of the second amended complaint in this order and so, denies Plaintiff's motion to serve as moot.  Plaintiff also moves the Court for a status check, asking the Court to provide him with the status of his motion to serve and motion to amend.

(ECF No. 47).  Because the Court addresses those motions in this order, it denies his motion for a status check as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to file a second amended complaint (ECF No. 39) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to detach Plaintiff's second amended complaint (ECF No. 39-1), file it on the docket, and issue summonses.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to electronically serve a copy of this order and of Plaintiff's second amended complaint (ECF No. 39-1) on the Office of the Attorney General ("OAG") of the State of Nevada.  This does not indicate acceptance of service.

**IT IS FURTHER ORDERED** that on or before **June 9, 2026**, the OAG shall file a notice advising the Court and Plaintiff whether it accepts service for any newly named Defendant(s).  If the OAG does not accept service for any newly named Defendant(s), the OAG must file that/those Defendant's(s') last known addresses under seal and indicate that it has filed the information under seal in its notice.  If any Defendant's(s') last known address is a post office box, the OAG shall attempt to obtain and provide the last known physical address.

**IT IS FURTHER ORDERED** that if the OAG cannot accept service for any Defendant(s), Plaintiff shall file a motion requesting issuance of summons for that/those Defendant(s).  If the OAG has not provided a last known address for any Defendant(s), Plaintiff shall provide the Defendant's(s') full name and address in his motion.

**IT IS FURTHER ORDERED** that, if the OAG accepts service of process for any Defendant(s), that/those Defendant(s) shall file and serve an answer or other response to the second amended complaint on or before **July 20, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff shall complete service on the Defendants on or before **August 17, 2026**.  Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff's motion to serve Defendants (ECF No. 38) and motion for status check (ECF No. 47) are **denied** as moot.

DATED: May 19, 2026,

_____

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE