**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jin Ackerman,

Plaintiff,

v.

William Kuloloia, et al.,

Defendants.

Case No. 2:24-cv-00807-MMD-DJA

**ORDER**

Under 28 U.S.C. § 1915 Plaintiff Jin Ackerman is proceeding in this action *pro se* and *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 3). Before the Court is Plaintiff's motion for appointment of counsel (ECF No. 59). Because Plaintiff has not demonstrated exceptional circumstances, the Court denies Plaintiff's motion without prejudice.

**I. Discussion.**

Plaintiff argues that the Court should appoint counsel because exceptional circumstances exist. (ECF No. 59). He explains that his case involves "multiple defendants, Constitutional medical-care law, Title II of the Americans with Disabilities Act ("ADA"), complex factual and medical evidence," extensive records, and multiple Nevada Department of Corrections ("NDOC") personnel. (*Id.*). Plaintiff adds that his claims under the Eighth Amendment and Title II of the ADA present substantial and legally complex issues because they involve: (1) establishing a causal connection between the conduct of higher-level NDOC officials and alleged constitutional violations and (2) establishing his allegation that NDOC officials have a custom of denying inmates prescribed medication. (*Id* at 4-5). Plaintiff believes that this may require an evaluation of the applicable standard of care by expert witnesses. (*Id.*) He also states that his case requires further investigation and discovery that Plaintiff finds difficult because he is presently incarcerated and the evidence he seeks is in the substantial control of Defendants. (*Id*. at 7). Finally, he argues that there is a likelihood of success on the merits of at least some of his claims

(*Id*. at 6) and that his ability to articulate his claims does not eliminate the need for counsel (*Id*. at 9).

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

The Court denies Plaintiff's motion because, at least at this stage of the case, Plaintiff has not demonstrated the exceptional circumstances that would warrant appointing counsel. Upon review of Plaintiff's complaint and supporting documents, Plaintiff's case is in the very early stages of litigation and the likelihood of success on the merits is unclear. Moreover, Plaintiff has already demonstrated an ability to articulate his claims considering the complexity of the legal issues he has alleged.

//

//

//

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 59) is **DENIED WTHOUT PREJUDICE**.

DATED: September 18, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE